# IN THE COURT OF APPEALS OF IOWA

No. 19-1731
Filed December 18, 2019

**IN THE INTEREST OF L.E.,**
**Minor Child,**

**C.M., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Linnea M.N. Nicol, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Whitney L. Gessner of Gessner Law Office, Monona, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Nathaniel W. Schwickerath, New Hampton, for appellees intervenors.

Laurie Parrish, Decorah, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(f) (2019).[1] She contends there is not clear and convincing evidence the child could not be returned to her at present; or, in the alternative, she asks for a six-month extension of time to reunify with her child, L.E. She argues there are factors weighing against and alternatives to termination of her parental rights. On our de novo review, *see In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000), we affirm.

The mother, who was twenty-seven years old at the time of the termination trial, has unresolved mental-health issues and a substance-abuse addiction that date back to her preteen years. The mother has been through numerous substance-abuse and mental-health treatment programs over the years. The present—fourth—removal of the child from the mother occurred in May 2018 because the mother relapsed on drugs and was not managing her mental-health concerns. The child, age six at the time of the termination trial, has been removed from the mother's care for most of his life. The mother asks that we focus on her forty-one or forty-two days of sobriety at the time of the termination trial and her recent progress in participating in mental-health treatment. While recognizing it is in the child's best interest to have consistency by remaining in the home of the grandparents who have cared for L.E. since May 2018 and attending the same

---

[1] Under section 232.116(1)(f), a court may terminate a parent's rights if the child (1) is four years of age or older, (2) has been adjudicated a child in need of assistance, (3) has been removed from the parent's custody for twelve consecutive months, and (4) cannot safely be returned to the parent at the present time.

We note the father's rights were terminated in a prior juvenile court proceeding.

school the child has always attended, the mother asserts the child "*could potentially join her*" in the residential facility where she is currently living. The record establishes the child cannot be returned safely to the mother's custody at present. Thus, there is clear and convincing evidence for termination of the mother's parental rights pursuant to section 232.116(1)(f).

The mother argues termination should not occur under section 232.116(3)(a) (stating termination need not occur if the child is the custody of a relative) or 232.116(3)(c) (stating court need not terminate if termination would be detrimental to the child due to the closeness of the parent-child relationship). The exceptions stated in section 232.116(3) are permissive, not mandatory. *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). In deciding whether to apply an exception to termination, we consider "the unique circumstances of each case and the best interests of the child." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citation omitted).

> With regard to the parent-child bond, as noted by the juvenile court,
>
> The bond between [L.E.] and . . . his mother, is described as strong and close. [L.E.] has always known who his mother is; they enjoy spending time together. Unfortunately, [L.E.] has learned that [his mother] cannot be relied upon to supervise him and meet his daily needs. If he does not see his mother regularly, [L.E.] worries about her personal safety.

Nor is guardianship a viable alternative here. "[G]uardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (citation omitted). A child in a guardianship remains in flux because the parents can eventually petition for its closing. *See, e.g.*, Iowa Code §§ 232.104, 633.675. A guardianship is not permanent, and a child would not experience the certainty of

adoption. We do not find termination should be avoided under either subparagraph. The juvenile court found, and we agree, that termination and adoption will best provide L.E. with the permanence he needs. *See A.S.*, 906 N.W.2d at 478.

The mother asks that we provide her an additional six months to seek reunification. In order to grant a six-month extension pursuant to Iowa Code section 232.104(2)(b), the court must find that the need for removal will no longer exist at the end of the extension. We are unable to reach such a conclusion here.

While we encourage the mother to continue on her personal journey toward mental health and sobriety, at this time the court must focus on the child's need for permanency. *See C.B.*, 611 N.W.2d at 495 ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency."). As noted by the juvenile court:

> The department [of human services] has been involved with this child since he was approximately eight months old. The child is now [six] years old. The mother has tested positive for methamphetamine on and off throughout this time resulting in the child being placed out of her custody on four occasions. The child has had three juvenile court cases under three different numbers. Two of those cases have been closed.

The child has been removed from the mother's care in this proceeding for more than twelve consecutive months. The child has spent most of his life in the care of relatives and is becoming more and more affected by his mother's broken promises. L.E.'s therapist reported,

> The lack of predictability and stability in [L.E.'s] life is taking a toll on him, and the ramifications are going to be challenging. The longer he goes with not knowing if he is going to live with his Mom again or not, is going to make those ramifications even more damaging to [L.E.]

. . . .

. . . Ending a parent's rights is never an easy decision.  It's not that I think that terminating his mom's parental rights will make things great or without difficulties for [L.E.], but this has been going on for years, and he needs stability. . . .  This is not fair to [L.E.] to have to deal with in his life on a constant basis.

The child's guardian ad litem also recommends termination of parental rights.  The child deserves and needs stability and permanence.  Because there is clear and convincing evidence to support termination, termination is in the child's best interests, and no permissive factor persuades us termination should not occur, we affirm.

**AFFIRMED.**